UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-----------------------------------------------------------------------X
HANS C. KUHN,

**Case No.:**

Plaintiff,

v.

**Judge:**

THADDEUS GOODLOW (Building Commissioner,
City of Markham, in his individual capacity only), and
OFFICER K MULDROW #525 (City of Markham Police
Officer, in his individual capacity only)

Defendants.
-----------------------------------------------------------------------X

# VERIFIED COMPLAINT

1.   Plaintiff, through his attorney Maurice J. Salem, comes to this Court in good faith and alleges as follows:

## NATURE OF THE ACTION

2.   The plaintiff is a real estate developer who builds and renovates houses in the Cook County area.  On October 22, 2007, plaintiff was arrested for not having a certificate of occupancy to a house that he was renting; he was handcuffed very tightly, excess pressure was placed on the handcuffs, plaintiff received bruises and injuries on his wrist from the handcuffs, he was manhandled, and placed in jail.

3.   Plaintiff brings this action under 42 U.S.C. § 1983 seeking relief from a violation of his right, under the Fourth Amendments of the United States Constitution, against unreasonable search and seizure.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 1655, 2202, 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution.  Plaintiffs bring this action under 42 U.S.C. § 1983.  Supplemental Jurisdiction for the state law claims exists under 28 U.S.C. § 1367(a).  Venue is based on plaintiff's domicile: Illinois.

## THE PARTIES

5.  Plaintiff, Hans C. Kuhn, is a real estate developer who builds and renovates houses and apartments in the Cook County area.

6.  Defendant Thaddeus Goodlow is the Building Commissioner for City of Markham in Illinois.  Defendant K Muldrow #525 is a City of Markham Police Officer.

## STATEMENT OF FACTS

7.  Plaintiff is a real estate developer who builds and renovates houses and apartments in the Cook County area.

8.  On October 22, 2007, defendant Goodlow issued an inspection report, **Exhibit A**, which stated "house O.K. for occupancy, except it has no back door or deck."  This inspection was for a house that plaintiff was renovating at: 15408 Cyprus, Markham, Illinois.

9.  On October 22, 2007, Mr. Lee Anderson, who was going to be the tenant at said house, was in the process of moving his furniture into said house.  While plaintiff Kuhn was retuning from the Buildings Department to the house, defendants Goodlow and Muldrow drove up to the house in the same car.

10. The defendants approached plaintiff while he was on the sidewalk, in front of the house, and they arrested him for residing at said house without a certificate of occupancy. See **Exhibit B** is a City of Markham Citation, which states "NO OCCUPANCY."

11. Defendants Goodlow and Muldrow stated to plaintiff that the subject house had only one exit door and the Code requires two. They stated that the Code requires one door per floor for emergency exit "in case of a fire." However, this is not what the Code requires. The subject house is one dwelling unit, with only one tenant. Thus, only one door was required. **Exhibit C**.

12. **Exhibit C** is the Code that the City of Markham uses, which was also confirmed by defendant Goodlow that it is the Code that is used by the City of Markham. The second page of **Exhibit C** shows Section R311, EXITS, which states "Not less than one exit door conforming to this chapter shall be provided from each dwelling unit."

13. Notwithstanding the fact that plaintiff was not residing at said house, and that the house did in fact conform to the Code, per **Exhibit C**, plaintiff was arrested.

14. Defendant Muldrow placed plaintiff in handcuffs and they were very tightly placed on plaintiff's hands.

15. The tenant, Mr. Lee Anderson, saw plaintiff being placed in handcuffs while in the house and then went outside to see what was happening.

16. Plaintiff tossed his truck keys and cell phone to his employee and asked him to call his wife and ask her to call his attorney. This caused defendant Muldrow to be frustrated and caused him to apply pressure on the handcuffs while he was placing plaintiff in the police vehicle.

17. Defendant Muldrow order the employee to give him the keys and cell phone.

18.     Plaintiff was taken to jail and placed in jail on that day.

19.     Defendant Goodlow told Mr. Anderson that if he continues to move his furniture into the house, he would be arrested.  Mr. Anderson asked defendant Goodlow if he can move the few remaining items because the truck was rented for only that day.  Defendant Goodlow refused and said to Mr. Anderson that if you move into the house, you will be arrested.

20.     Thereafter, Mr. Anderson left his remaining furniture on the truck and he kept the truck for one extra day; Mr. Anderson and his family had to sleep in a motel for that day.

21.     The following day the house received approval for a certificate of occupancy and a certificate was issued on October 24, 2007.  **Exhibit D**.

22.     Subsequently, the plaintiff was not prosecuted for not having a certificate of occupancy; he was prosecuted for "Disorderly Conduct."  **Exhibit E**.

23.     In fact, Defendant Muldrow falsified the police report by stating that on October 22, 2007, plaintiff was arrested for Disorderly Conduct and defendant Muldrow indicated the date and time the police report was completed: "10/22/2007."

24.     Plaintiff requested the police report, on 10/22/08, 10/24/08, 10/29/08, but it was never given to him; plaintiff was told that the police report was not completed.

25.     There was no probable cause for not having a certificate of occupancy, for which plaintiff was arrest, and there was no probable cause for Disorderly Conduct as well.

## **DAMAGES**

26.     As a result of defendants' conduct herein, the plaintiff was injured by being placed in jail on October 22, 2007.

4

27. Plaintiff suffered extreme pain from the pressure that defendant Muldrow applied to the handcuffs and the skin on plaintiff's wrist became severely bruised.

28. Plaintiff was humiliated and embarrassed in being arrested, jailed and handcuffed before his family, employees, his tenants and the public.

29. Plaintiff's reputation has been injured, not only as perceived by the above mentioned people, but also he was never previously arrested and jailed and now must state that he was. This incident has damaged plaintiff's integrity and jeopardized his other business in the medical field dealing in specialty pharmacy. Plaintiff is the sole owner of this business, which deals with Medicaid, Medicare and is licensed in many states as a national company.

30. Plaintiff continues to suffer physical and emotional pain.

### COUNT ONE
### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

31. Plaintiff repeat paragraphs 1 through 30, as though stated herein.

32. The defendants are government officials in this action who were at all-time herein acting under the color of state law.

33. Defendants deprived plaintiff of his Fourth Amendment right against unreasonable search and seizure because they did not have probable cause to bring any criminal charges against plaintiff.

34. There was no probable cause for the crime of residing in a house without a certificate of occupancy. First, plaintiff was not residing at the subject house, and second, the house did comply with all the requirements for a certificate of occupancy.

35.  As stated above, plaintiff was not residing at the subject house; Mr. Lee Anderson was intending to reside at the house and he was in the process of moving his furniture into the house when this incident occurred; plaintiff resided in Homer Glen, Illinois.

36.  **Exhibit A** stated "house O.K. for occupancy, except it has no back door or deck," and defendant Goodlow claim that the house only had one exit door while Code requires two, is false because **Exhibit C** shows the Code that the City of Markham uses, and it confirms in Section R311, EXITS, that "Not less than one exit door conforming to this chapter shall be provide from each dwelling unit."

37.  Nonetheless, there was a second door in the back, but the deck was not completed and the door was railed of securely until the deck is finished.  This did not violate the Code.

38.  There was no probable cause for the crime of Disorderly Conduct.  This was neither the reason nor the crime for which plaintiff was arrested.  This crime was fabricated by the defendants after plaintiff was arrested.

39.  Thus, there was no probable cause that any crime was committed by plaintiff on October 22, 2007.

40.  **WHEREFORE,** Plaintiffs respectfully request the following relief:

   1. compensatory damages in the amount of $1.5 million dollars for the damages as set forth in the damages section above;

   2. punitive damages in an amount this Court believes will deter these defendants as well as other similarly situated from repeating such conduct;

   3. attorney's fee pursuant to 42 U.S.C. § 1988;

   4. together with such other or further relief this Court deems just and proper.

**COUNT TWO**
**SECOND CAUSE OF ACTION**
**FALSE IMPRISONMENT**

41. Plaintiff repeat paragraphs 1 through 39, as though stated herein.

42. To sustain an action for false imprisonment, plaintiff has the burden of proving: 1) restraint or arrest, against plaintiff's will, 2) caused or procured by defendants, 3) without having reasonable grounds or probable cause to believe that the offense was committed by plaintiff.

43. In this case, plaintiff was restrained and arrested by defendants on October 22, 2007; the defendants herein caused said restrain and arrest; the defendants did not have probable cause to do so as set forth in Count One above.

44. **WHEREFORE,** Plaintiffs respectfully request the following relief:

   1. compensatory damages in the amount of $1.5 million dollars for the damages as set forth in the damages section above;

   2. punitive damages in an amount this Court believes will deter these defendants as well as other similarly situated from repeating such conduct;

   3. attorney's fee pursuant to 42 U.S.C. § 1988;

   4. together with such other or further relief this Court deems just and proper.

**COUNT THREE**
**THIRD CAUSE OF ACTION**
**FALSE ARREST**

45. Plaintiff repeat paragraphs 1 through 39, as though stated herein.

46. To sustain an action for false arrest, plaintiff has the burden of proving: 1) restraint or arrest, against plaintiff's will, 2) caused or procured by defendants, 3) without having reasonable grounds or probable cause to believe that the offense was committed by plaintiff.

47. In this case, plaintiff was restrained and arrested by defendants on October 22, 2007; the defendants herein caused said restrain and arrest; the defendants did not have probable cause to do so as set forth in Count One above.

48. **WHEREFORE,** Plaintiffs respectfully request the following relief:

   1. compensatory damages in the amount of $1.5 million dollars for the damages as set forth in the damages section above;

   2. punitive damages in an amount this Court believes will deter these defendants as well as other similarly situated from repeating such conduct;

   3. attorney's fee pursuant to 42 U.S.C. § 1988;

   4. together with such other or further relief this Court deems just and proper.

### COUNT FOUR
### FOURTH CAUSE OF ACTION
### ATTORNEY'S FEES

49. Plaintiffs repeat paragraphs 1 through 48, as though stated herein.

50. Under 42 U.S.C. § 1988, plaintiff is entitled to attorney's fees in the event defendants are liable by the preponderance of the evidence.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

   1. compensatory damages in the amount of $1.5 million dollars for the damages as set forth in the damages section above;

8

2. punitive damages in an amount this Court believes will deter these defendants as well as other similarly situated from repeating such conduct;

3. attorney's fee pursuant to 42 U.S.C. § 1988;

4. together with such other or further relief this Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Dated: Palos Heights, Illinois
　　　　March 21, 2008

　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　S/Maurice J. Salem,
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　7156 West 127th Street, B-149
　　　　　　　　　　　　　　　　　　　　　　　Palos Heights, IL. 60463
　　　　　　　　　　　　　　　　　　　　　　　Tel. (708) 277-4775
　　　　　　　　　　　　　　　　　　　　　　　Fax (708) 448-4515
　　　　　　　　　　　　　　　　　　　　　　　salemlaw@comcast.net

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------------X
HANS C. KUHN,

                         Plaintiff,          **Case No.:**

   v.

THADDEUS GOODLOW (Building Commissioner,    **Judge:**
City of Markham, in his individual capacity only), and
OFFICER K MULDROW #525 (City of Markham Police
Officer, in his individual capacity only)

                         Defendants.
---------------------------------------------------------------X

## VERIFICATION

State of Illinois    )
                         )s.:
County of Cook   )

     I, HANS C. KUHN, am the plaintiff in this action; I have read the foregoing Verified Complaint and the facts stated therein are what I personally observed, the facts are true, accurate and complete to the best of my knowledge, except as to those facts alleged upon information and belief and as to those facts that I believe them to be true.

                                                            _____
                                                               HANS C. KUHN

Sworn to before me on this
20th Day of March, 2008

_____
Notary Public

OFFICIAL SEAL
DAWN KAMP
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT 01, 2008

10

```
08CV1661            EDA
JUDGE   ZAGEL
MAGISTRATE JUDGE VALDEZ
```

# Complaint Exhibits A - E

# CITY OF MARKHAM EXISTING SINGLE FAMILY
## EXISTING STRUCTURE INSPECTION **RENTAL**

#2007699

Date: Oct_____ Address: _____

Present Owner or Agent: Hans C. Kuhn_____
Address: _____ Phone: _____
New Owner: _____
Address: _____ Phone: _____
Gas on: _____ Electric on: _____ Water on: _____ All fees and liens paid: _____

**INSPECTION MUST BE COMPLETED BEFORE OWNER/TENANT CAN MOVE IN**

| Ref. # | Exterior | OK | Repairs Required | Ref # | Interior/Other | OK | Repairs Required |
|---|---|---|---|---|---|---|---|
| 001 | Roof Certification | OK | New | 015 | Toilets/Sinks/Showers | OK | |
| 002 | Garbage/Sanitation | OK | | 016 | Water heater | OK | |
| 003 | Sidewalk/Driveways | OK | | 017 | Water heater cert. | OK | |
| 004 | Grass/Weeds | OK | | 018 | Drains/supply pipe | OK | |
| 005 | Fences/Porches/Decks | NO | No back door | 019 | Gas valves | OK | |
| 006 | Street Address | OK | | 020 | Fireplace | NO | |
| 007 | Gutters/Siding/Fascia/Soffit | OK | | 021 | Fireplace certification | NO | |
| 008 | Brick walls/Chimney | OK | | 022 | Smoke Detectors | OK | |
| 009 | Windows/Doors/Screens | OK | | 023 | Carbon monoxide det. | OK | |
| 010 | Doors--single key/dead bolt | OK | | 024 | Foundation/Structure | OK | |
| 011 | Light fixtures/elec. outlets | OK | | 025 | Electrical/100 amps | OK | |
| 012 | Handrails/Guardrails | OK | | 026 | Furnace/certification | OK | |
| 013 | Garage/Shed/Pool | OK | | 027 | Walls/Ceilings/Paint | OK | |
| 014 | Doorbell or knocker | OK | | 028 | Floors/Carpet | OK | |

VIOLATIONS TO BE COMPLETED BY: _____

NOTES: House OK for occupancy, except it has no back door or deck

OWNER/AGENT: H. Kuhn **EXHIBIT A** DATE: 10-22-07
INSPECTOR: T. Gordon DATE: 10-22-07
OCCUPANCY APPROVED: _____

PA  903420

COMPLAINANT _____ City of Markham _____ A Municipal Corporation.

CITATION

he time and place shown below, you violated an ordinance of the above named Municipality as described below. Unless make payment in settlement of this violation claim on or before Due Date shown at right, a Complaint will be filed against in the Markham Municipal Court.

**DUE DATE IS**
MONTH: NOV  DATE: 7  YEAR: 20 07

**COURT DATE IS**
MONTH: NOV  DATE: 10  YEAR: 20 07

- THIS NOTICE MUST ACCOMPANY PAYMENT OR YOUR PERSONAL APPEARANCE -

on HOUR ____ M in the courtroom
of 7 PM

CITY COUNCIL CHAMBERS
at 16313 KEDZIE

MARKHAM                    ILLINOIS

| MONTH | DATE | YEAR | HOUR | AM/PM |
|-------|------|------|------|-------|
| 10 | 22 | 07 | 1631 | PM |

You did violate SECTION B/23

HANS C KUHN
12645 BEAVER DEN R___
HOMER GLEN, IL ___

of the local ordinance, as owner or operator of vehicle or property described herein.

D.O.B. ____

DL# ____

15408 CYPRESS

scribe act) No OCCUPANCY PERMIT

| MAKE | COLOR | LICENSE NUMBER | STATE | MO./YEAR | VEHICLE TAG NO. | MUNICIPALITY and YEAR |
|------|-------|----------------|-------|----------|-----------------|----------------------|

above named Municipality by: OFFICER _CUJAKOW_  STAR NO. 525  its Agent

THIS AMOUNT NOW
for this violation if paid
Due Date  $ 75 .00

Penalty for this violation if paid
After Due Date  $ 150 .00

You may, BEFORE DUE DATE:
(1) Mail the amount indicated below in this envelope, or
(2) Pay in person at the location shown on the reverse side, or

All penalties may be paid in person during regular business hours. Use this envelope for Check, or Money Order.

- DO NOT SEND CASH -
Markham Police Department
16313 Kedzie Pkwy.
Markham, Illinois 60428

EXHIBIT B

# International Residential Code

## for One- and Two-Family Dwellings



**2000**



EXHIBIT C

NOV.06.2007 13:37 708 403 6215 VILLAGE OF ORLAND/BUILDING DEPT #5349 P.001/002

1. Elevated to or above the design flood elevation as determined in Section R327.
2. Located below the design flood elevation provided they are at or above grade on all sides, are used solely for parking, building access, or storage, meet the requirements of Section R327, and are otherwise constructed in accordance with this code.

## SECTION R310
## EMERGENCY ESCAPE AND RESCUE OPENINGS

**R310.1 Emergency escape and rescue required.** Basements with habitable space and every sleeping room shall have at least one openable emergency escape and rescue window or exterior door opening for emergency escape and rescue. Where openings are provided as a means of escape and rescue they shall have a sill height of not more than 44 inches (1118 mm) above the floor. Where a door opening having a threshold below the adjacent ground elevation serves as an emergency escape and rescue opening and is provided with a bulkhead enclosure, the bulkhead enclosure shall comply with Section R310.3. The net clear opening dimensions required by this section shall be obtained by the normal operation of the window or door opening from the inside. Escape and rescue window openings with a finished sill height below the adjacent ground elevation shall be provided with a window well in accordance with Section R310.2.

**R310.1.1 Minimum opening area.** All emergency escape and rescue openings shall have a minimum net clear opening of 5.7 square feet (0.530 m²).

Exception: Grade floor openings shall have a minimum net clear opening of 5 square feet (0.465 m²).

**R310.1.2 Minimum opening height.** The minimum net clear opening height shall be 24 inches (610 mm).

**R310.1.3 Minimum opening width.** The minimum net clear opening width shall be 20 inches (508 mm).

**R310.1.4 Operational constraints.** Emergency escape and rescue openings shall be operational from the inside of the room without the use of keys or tools.

**R310.2 Window wells.** Window wells required for emergency escape and rescue shall have horizontal dimensions that allow the door or window of the emergency escape and rescue opening to be fully opened. The horizontal dimensions of the window well shall provide a minimum net clear area of 9 square feet (0.84 m²) with a minimum horizontal projection and width of 36 inches (914 mm).

Exception: The ladder or steps required by Section R310.2.1 shall be permitted to encroach a maximum of 6 inches (152 mm) into the required dimensions of the window well.

**R310.2.1 Ladder and steps.** Window wells with a vertical depth greater than 44 inches (1118 mm) below the adjacent ground level shall be equipped with a permanently affixed ladder or steps usable with the window in the fully open position. Ladders or steps required by this section shall not be required to comply with Sections R314 and R315. Ladders or rungs shall have an inside width of at least 12 inches (305 mm), shall project at least 3 inches (76 mm) from the wall and shall be spaced not more than 18 inches (457 mm) on center vertically for the full height of the window well.

**R310.3 Bulkhead enclosures.** Bulkhead enclosures shall provide direct access to the basement. The bulkhead enclosure with the door panels in the fully open position shall provide the minimum net clear opening required by Section R310.1.1. Bulkhead enclosures shall also comply with Section R314.9.

**R310.4 Bars, grills, covers and screens.** Bars, grills, covers, screens or similar devices are permitted to be placed over emergency escape and rescue openings, bulkhead enclosures, or window wells that serve such openings, provided the minimum net clear opening size complies with Sections R310.1.1 to R310.1.3, and such devices shall be releasable or removable from the inside without the use of a key, tool or force greater than that which is required for normal operation of the escape and rescue opening.

## SECTION R311
## EXITS

**R311.1 Exit door required.** Not less than one exit door conforming to this chapter shall be provided from each dwelling unit. The required exit door shall provide for direct access from the habitable portions of the dwelling to the exterior without requiring travel through a garage.

**R311.2 Type of lock or latch.** All egress doors shall be readily openable from the side from which egress is to be made without the use of a key or special knowledge or effort.

**R311.3 Type and size.** The required exit door shall be a side-hinged door not less than 3 feet (914 mm) in width and 6 feet, 8 inches (2032 mm) in height. Other exterior hinged or sliding doors shall not be required to comply with these minimum dimensions.

**R311.4 Hallways.** The minimum width of a hallway shall be not less than 3 feet (914 mm).

**R311.5 Exit facilities.** Exterior exit balconies, stairs and similar exit facilities shall be positively anchored to the primary structure to resist both vertical and lateral forces. Such attachment shall not be accomplished by use of toenails or nails subject to withdrawal.

## SECTION R312
## LANDINGS

**R312.1 General.** Landings for stairways shall comply with this section.

**R312.1.1 Landings for stairways.** There shall be a floor or landing at the top and bottom of each stairway.

Exception: At the top of an interior flight of stairs, provided a door does not swing over the stairs.

Telephone: 708-331-4905
Fax: 708-331-9250
Fire/Police: 911

Non-emergency: 708-339-8877

# CITY OF MARKHAM

16313 KEDZIE PARKWAY-MARKHAM, ILLINOIS –60428

David Webb, Jr.          Jennifer Coles          Karen Cohn
Mayor                    City Clerk              Treasurer

## CERTIFICATE OF OCCUPANCY

DATE: 10/24/07

ADDRESS: 15408 Cypress

This is to certify that an inspection has been completed on the above property. As of this date, this structure meets the requirements of the City of Markham Housing Ordinance #05-O-1839.

The City of Markham holds no responsibility for any violations that may occur after this date of inspection.

**CERTIFICATE VALID FOR THIRTY (30) DAYS ONLY & WILL NOT BE UPDATED**
Re-Inspection fee of $30 is required if this certificate expires before closing or signing of lease.

*Thaddeus Goodlow*

Thaddeus Goodlow, Building Commissioner                    RENTAL

ISSUED TO: Hans C. Kuhn

EXHIBIT D

# MARKHAM POLICE DEPARTMENT
## OFFENSE / INCIDENT REPORT

**Date and Time of This Report**
Date: 10/22/2007　Time: 1631　Day of Week: Monday

☒ Occurred On　☐ Occurred Between

**Offense / Incident:** Disorderly Conduct
Date: 10/22/2007　Time: 1631　Day: Monday

**Address of Occurrence:** 5408 Cyprus
**Type of Location:** Abandoned Residence for rehab
**UCR Code:** 2890

Codes: B-Business C-Complainant F-Financial G-Government M-Missing Person O-Offender P-Police R-Religious S-Suspect U-Unknown V-Victim W-Witness

| Code | Name | Sex | Race | DOB | Height | Weight | Hair | Eyes | Home TX | Work TX |
|---|---|---|---|---|---|---|---|---|---|---|
|  | Thaddeus Goodlow | M | B |  |  |  |  |  |  | 708-331-4905 |

Occupation: Building
Work Address: 16313 Kedzie Pkwy Markham, IL.

| Code | Name | Sex | Race | DOB | Height | Weight | Hair | Eyes | Home TX | Work TX |
|---|---|---|---|---|---|---|---|---|---|---|
|  | Officer K. Muldrow #525 |  |  |  |  |  |  |  |  | 708-331-2171 |

Occupation: Police Ofc.
Work Address: 16313 Kedzie Pkwy Markham, IL.

**EXHIBIT E**

CRN: 07-010379

**Narrative:**

In summary reporting officer (R/O), assisted the building inspector T. Goodlow at the above location, with the property owner attempting to allow tenants occupancy into the residence without a proper occupancy permit issued by the building department. The property owner Mr. Hans C. Kuhn when told that he was in violation of the city ordinance became irate and began yelling and refused to obey any of R/O's verbal commands R/O, then placed the subject into custody and called for a transport unit to transport the subject to MPD-lock up where the subject still refuse to comply with any of R/O's direct orders. The subject was issued a citation under ordinance number 151.23, and given a court date of 09 Nov 2007, time 9:00am. The subject then then released without further action.

**Report Filed**

☐ See Continuation

| Officers Name | Star # | Date & Time of Arrival | Date & Time Completed | Approving Supervisors Name | Star # | Date & Time Approved |
|---|---|---|---|---|---|---|
| K. Muldrow | 525 | 10/22/2007 | 10/22/2007 | Sgt. S. Wilson | 404 | 10/22/2007 1741 |

Officer Signature & Star　　Signature of Supervisors Approving Report & Star #: Sgt S. Wilson

*(handwritten at top: Picked up Nov. 12　COPY)*