3118-150

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANS C. KUHN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No: 08 CV 1661 |
| ) | |
| THADDEUS GOODLOW (Building Commissioner, ) | Judge James B. Zagel |
| City of Markham, in his individual capacity only), and ) | Magistrate Judge Maria Valdez |
| OFFICER K. MULDROW #525 (City of Markham ) | |
| Police Officer, in his individual capacity only), ) | |
| ) | |
| Defendants. ) | |

**THADDEUS GOODLOW'S MOTION TO DISMISS**

NOW COMES the defendant, Thaddeus Goodlow, by his attorneys, LITCHFIELD CAVO, LLP, and pursuant to FRCP 12(b)(6), moves this Court for entry of an order dismissing Counts I-IV of plaintiff's verified complaint. In support thereof, the defendant states as follows:

**I.   INTRODUCTION**

The plaintiff has filed a four-count complaint which attempts to allege the following causes of action: 42 U.S.C.A. §1983 false arrest (Count I); False imprisonment (Count II); False arrest (Count III); and Attorneys fees (Count IV).

Kuhn's four-count complaint is both legally and factually deficient and does not contain sufficient facts to state a claim to relief that is plausible on its face. As a result, Counts I through IV should be dismissed.

**II.   THE ALLEGATIONS CONTAINED IN COUNT I FAIL TO SUGGEST THAT KUHN HAS A RIGHT TO RELIEF AGAINST GOODLOW**

Rule 12(b)(6) permits motions to dismiss the complaint for "failure to state a claim upon which relief may be granted." (See Fed. R. Civ. P. 12(b)(6)). To survive a Rule 12(b)(6) motion, a complaint need only contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Circuit 2007). Toward that end, a complaint must describe each claim in sufficient detail to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Additionally, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." If the plaintiff fails to meet these requirements, he has pled himself out of court. *Id.* A plaintiff's obligation to identify the grounds of his entitlement requires more than the recitation of labels and conclusions and a "formulaic recitation of the elements of a cause of action" is insufficient. *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Rather, plaintiff is required to allege facts which raise a right to relief above the "speculative level." *Id*. at 1965.

Under Count I, Kuhn offers little more than labels and conclusions and simply reiterates the elements he must prove in order to prevail on his claim. Notably absent are any allegations which even remotely suggest that Goodlow was acting under color of law. Additionally, the plaintiff pleads neither facts nor conclusions which suggest that Goodlow was responsible for seizing or arresting the plaintiff.

Also missing from the complaint are any allegations which even remotely suggest that Goodlow caused or participated in the alleged constitutional violation. Individual participation in the alleged violation is a prerequisite for individual liability in a §1983 action. *Grossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Circuit 1997). An individual cannot be held liable unless he caused or participated in the alleged constitutional deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Circuit). Here, Kuhn has failed to allege that Goodlow was personally involved in the alleged constitutional deprivation. He does not claim that Goodlow seized him, handcuffed him, or otherwise restrained his liberty. Likewise, Kuhn has failed to allege in either a factual or

conclusory manner, that Goodlow acted pursuant to some authority vested in him by either the state or the City of Markham. Given Kuhn's complete failure to allege that Goodlow acted under color of law and was actually involved in the alleged seizure/arrest, Count I is both legally and factually deficient and should be dismissed.

**III.    COUNTS II AND III (FALSE IMPRISONMENT AND FALSE ARREST) FAIL TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED AND SHOULD BE DISMISSED**

Under Counts II and III, Kuhn attempts to allege false imprisonment and false arrest, supplemental state law claims. The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff. (See *Meerbrey v. Marshall Field & Company, Inc.*, 139 Ill.2d 455, 564 N.E.2d. (1990). Kuhn alleges, albeit in a conclusory manner, that Goodlow subjected him to false imprisonment and false arrest. In the facts section of his complaint, he claims that "Defendant Muldrow placed plaintiff in handcuffs and they were very tightly placed on plaintiff's hands." (See paragraph 14 of plaintiff's complaint). Despite devoting some 25 paragraphs to the facts section of his complaint, Kuhn neglects to allege either facts or conclusions which even remotely suggest that Goodlow was responsible for procuring his arrest or actually arrested the plaintiff. As a result, Counts II and III of the complaint should be dismissed pursuant to F.R.C.P. 12(b)(6).

**IV.    PLAINTIFF MAY NOT RECOVER PUNITIVE DAMAGES IN CONNECTION WITH ANY OF HIS STATE LAW CLAIMS.**

Under Counts II and III, the plaintiff requests not only compensatory damages, but punitive damages as well. Inasmuch as those claims are brought pursuant to state as opposed to federal law, punitive damages are not recoverable. 745 ILCS 10/2-102 provides as follows:

> Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly by

3

the injured party or a third party.  In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-judicial, or quasi-judicial capacity, brought directly or indirectly against him by the injured party or third party.

If the allegations set forth in the complaint are accepted as true, (for the purposes of this motion only), it is obvious that the defendants were acting in an executive capacity when they allegedly arrested Mr. Kuhn.  As a result, they are immune from punitive damages liability. (*See Reese v. May*, 955 F.Supp. 869 (N.D. Ill. 1996)).  Accordingly, plaintiff's request for punitive damages in Counts III and IV should be stricken.

WHEREFORE, the defendant, Thaddeus Goodlow, prays that this Court enter an order dismissing Counts I through IV of plaintiff's verified complaint

                          LITCHFIELD CAVO, LLP.


            By:   /s/ Patrick J. Ruberry
                    Attorneys for the defendant,
                    Thaddeus Goodlow

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

4

## CERTIFICATE OF SERVICE

      I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served Thaddeus Goodlow's motion to dismiss by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 20th day of June, 2008.

|  |  |
|---|---|
|  | /s/ Patrick J. Ruberry |
| Patrick J. Ruberry, Esq. (06188844) | Attorneys for the defendant, |
| LITCHFIELD CAVO, LLP | Thaddeus Goodlow |
| 303 West Madison Street, Suite 300 |  |
| Chicago, IL 60606-3300 |  |
| (312) 781-6677 |  |
| (312) 781-6630 fax |  |