UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-----------------------------------------------------------------------X
HANS C. KUHN,

                                                                    **Case No.: 08 CV 1661**

              Plaintiff,

   v.

                                                                    **Judge: James B. Zagel**
THADDEUS GOODLOW (Building Commissioner,     **Magistrate Judge: Maria**
City of Markham, in his individual capacity only), and   **Valdez**
OFFICER K MULDROW #525 (City of Markham Police
Officer, in his individual capacity only)

                                                Defendants.
-----------------------------------------------------------------------X

# MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANT
# THADDEUS GOODLOW'S MOTION TO DISMISS

## PRELIMINARY STATEMENT

1.     On March 21, 2008, plaintiff filed a verified complaint, under 42 U.S.C. § 1983, against defendant, Thaddeus Goodlow, the Building Commissioner for City of Markham in Illinois, and defendant, K Muldrow #525, a City of Markham police officer, seeking relief from a violation of his right, under the Fourth Amendments of the United States Constitution, for unreasonable search and seizure.

2.     On October 22, 2007, plaintiff was arrested for not having a Certificate of Occupancy to a house that he was renovating and renting to a third party. Plaintiff was handcuffed very tightly and excess pressure was placed on the handcuffs; plaintiff received bruises and injuries on his wrists from the handcuffs, he was manhandled, and placed in jail.

3. On June 20, 2008, defendant Thaddeus Goodlow filed the instant motion to dismiss the complaint against him pursuant to *Fed. R. Civ. P.*, Rule 12(b)(6). Defendant Goodlow claims that the complaint is legally and factually deficient and does not state a cause of action.

## ARGUMENT

4. Defendant Goodlow claims that "absent are any allegations which even remotely suggest that Goodlow was acting under the color of law." The following are allegations from the complaint that suggest Goodlow was acting under the color of law:

   a. "Defendant Thaddeus Goodlow is the Building Commissioner for City of Markham in Illinois." (Compl. ¶ 6)

   b. "**Exhibit C** is the Code that the City of Markham uses, which was also confirmed by defendant Goodlow that it is the Code that is used by the City of Markham." (Compl. ¶ 12)

   c. "The defendants are government officials in this action who were at all-time herein acting under the color of state law." (Compl. ¶ 32)

5. Defendant Goodlow claims that there are no alleges that suggest he was involved or participated in the alleged constitutional violations. The following are allegations from the complaint that suggest Goodlow was involved or participated in the alleged constitutional violations:

   a. "On October 22, 2007, defendant Goodlow issued an inspection report, **Exhibit A**, which stated 'house O.K. for occupancy, except it has no

2

    back door or deck.' This inspection was for a house that plaintiff was renovating at: 15408 Cyprus, Markham, Illinois." (Compl. ¶ 8)

    b. "While plaintiff Kuhn was retuning from the Buildings Department to the house, defendants Goodlow and Muldrow drove up to the house in the same car." (Compl. ¶ 9)

    c. "The defendants approached plaintiff while he was on the sidewalk, in front of the house, and they arrested him for residing at said house without a Certificate of Occupancy. See **Exhibit B** is a City of Markham Citation, which states "NO OCCUPANCY." (Compl ¶ 10)

    d. "Defendants Goodlow and Muldrow stated to plaintiff that the subject house had only one exit door and the Code requires two." (Compl. ¶ 11)

    e. "Defendant Goodlow told Mr. Anderson [the tenant in the subject house] that if he continues to move his furniture into the house, he would be arrested." (Compl. ¶19)

    f. "**Exhibit A** stated 'house O.K. for occupancy, except it has no back door or deck,' and defendant Goodlow claims that the house only had one exit door while Code requires two, is false because **Exhibit C** shows the Code that the City of Markham uses, and it confirms in Section R311, EXITS, that 'Not less than one exit door conforming to this chapter shall be provide from each dwelling unit.'" (Compl. ¶ 36)

6.    Defendant Goodlow and the police officer, defendant Muldrow, came to the house in the same car, (Compl. ¶ 9), and the defendant Muldrow relied on defendant

Goodlow, who is the City Inspector and Building Commission, to believe there was probable cause a Certificate of Occupancy violation existed.  (Compl. ¶ 11 & 36).

7.      Defendant Goodlow is the City Buildings Commissioner and Inspector with the authority from the City to inspect buildings and issue Certificates of Occupancies. (Compl. ¶ 6, 8, 11, 12, 32 & 36)

8.      With respect to the False Arrest and Imprisonment Counts, the complaint alleges that plaintiff was arrested, place in handcuffs and place in jail.  (Compl. ¶10, 13, 14, 15 & 18).  Also, the complaint alleges that this was done without reasonable grounds in paragraph 36 of the complaint; in paragraph 25 of the complaint it states that the arrest was made without probable cause, which means without reasonable grounds.

9.      The defendant who made the decision, of whether or not there was probable cause, was Goodlow.  The police officer, defendant Muldrow, relied on defendant Goodlow's determination that there was probable cause.  If this Court dismisses the complaint against Goodlow, then the defendant Muldrow can simply allege that he relied on Goodlow for the probable cause requirement.

10.     "Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States,* 338 U.S. 160, 175-176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).  Thus, defendant Muldrow can allege that he "had reasonable trustworthy information" from defendant Goodlow, who is the City Buildings Commissioner and Inspector, that probable cause existed.

11.	Defendant Goodlow was the City official, acting under the color of law, who caused the arrest of plaintiff without probable cause. The police officer, defendant Muldrow, made the arrest with defendant Goodlow and defendant Muldrow relied on defendant Goodlow to believe that there was probable cause. However, a month later after realizing that there was no Certificate of Occupancy violation, defendant Muldrow switched the charge against plaintiff to Disorderly Conduct for which there was also no probable cause.

12.	This Court should consider the "totality of the circumstances" in determining probable cause. *Maryland v. Pringle*, 540 U.S. 366; 2003 WL 22938461 (Dec 15, 2003) (State officials were held liable for indicting without considering the totality of the circumstances.)

**WHEREFORE,** Plaintiffs respectfully request defendant Thaddeus Goodlow's motion to dismiss be denied in its entirety, together with such other and further relief this Court deems just and proper.

>	Respectfully submitted,
>
>	S/Maurice J. Salem,
>	Attorney for Plaintiff
>	7156 West 127th Street, B-149
>	Palos Heights, IL. 60463
>	Tel. (708) 277-4775
>	Fax (708) 448-4515
>	salemlaw@comcast.net

**CERTIFICATE OF SERVICE**

I, Maurice J. Salem, am the attorney of record and I hereby certify that I served a true and complete copy of the foregoing Memorandum of Law in Opposition to Defendant Thaddeus Goodlow's motion to dismiss by electronically filing the same with the Clerk of this Court, and a copy of which was forwarded to each attorney of record by the CM/ECF system on July 12, 2008.

>	S/Maurice J. Salem,