3118-150

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANS C. KUHN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No: 08 CV 1661 |
| ) | |
| THADDEUS GOODLOW (Building Commissioner, ) | Judge James B. Zagel |
| City of Markham, in his individual capacity only), and ) | Magistrate Judge Maria Valdez |
| OFFICER K. MULDROW #525 (City of Markham ) | |
| Police Officer, in his individual capacity only), ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GOODLOW'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS**

NOW COMES the defendant, Thaddeus Goodlow, by his attorneys, LITCHFIELD CAVO, LLP, and in support of his motion to dismiss, states as follows:

**I.    PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM AGAINST GOODLOW**

The plaintiff apparently agrees that individual participation in the alleged constitutional violation is a prerequisite for individual liability and a Section 1983 action. Nevertheless, Kuhn fails to allege facts or conclusions which suggest that Goodlow was personally involved in his arrest. While Goodlow may be a city inspector, he is not a sworn police officer and thus does not have the power or authority to make arrests. The fact that he and Officer Muldrow rode in the same car is of no moment. (See paragraph 6 of the complaint). Although Kuhn does allege that he was arrested, handcuffed and transported to the police station, he does not allege that Goodlow was personally involved in the arrest and/or seizure, and does not allege that Goodlow was the driving force behind the arrest.

In paragraph 9 of his response, Kuhn argues that "the defendant who made the decision of whether or not there was probable cause was Goodlow" and "the police officer, defendant Muldrow, relied on defendant Goodlow's determination that there was probable cause." Unfortunately for Kuhn, no such allegations can be found in the complaint. Kuhn's contention that "if this Court dismisses the complaint against Goodlow, then the defendant Muldrow can simply allege that he relied on Goodlow for the probable cause requirements," misses the mark. To survive a motion to dismiss, the allegations in Kuhn's complaint must "plausibly suggest that the plaintiff has a right to relief, raising the possibility above a speculative level." Because he fails to allege facts which show that Goodlow was personally involved in the arrest, Kuhn is unable to raise his right to relief above the "speculative level."

The exhibits attached to the complaint underscore Kuhn's inability to plead a plausible claim against Goodlow. Precedent teaches that exhibits attached to a pleading will be considered a part of a pleading for purposes of deciding whether to dismiss or to render summary judgment. *First Chicago Corp. Securities Litigation v. First Chicago Corp.*, 769 F.Supp. 1444 (N.D. Ill. 1991); *Leroy v. Illinois Racing Board*, 1990 WL 7072 (N.D. Ill. 1990). To the extent that a written document or exhibit accompanying the complaint contradicts the allegations in the complaint, the former controls. *Id.* Kuhn has attached a copy of the police report to his complaint and identifies the report as Exhibit E. According to the report, after being told that he was in violation of a city ordinance, Mr. Kuhn, "became irate and began yelling and refused to obey any of reporting officers' verbal commands. Reporting officer then placed the subject in custody and called for transport unit to transport the subject to MPD lockup where the subject still refuses to comply with any of reporting officers direct orders." Exhibit E clearly and unequivocally contradicts the allegations contained in the complaint. If the statements in

Exhibit E. are accepted as true, they establish Goodlow's noninvolvement and nonparticipation in the alleged constitutional violation. As a result, Kuhn has pled himself out of court, and his claim against Goodlow should be dismissed.

**II.　KUHN'S HAS FAILED TO RESPOND TO THE ARGUMENTS GOODLOW RAISED AGAINST THE STATE LAW COUNTS AND THE REQUEST FOR PUNITIVE DAMAGES SOUGHT UNDER THE STATE LAW COUNTS**

The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession. *MCI WorldCom Network Services, Inc. v. Atlas Excavating, Inc.,* 2006 WL 354-2332 at 3 (N.D. Ill. 2006); *Keri vs. Board of Trustees of Purdue University*, 458 F.3d 620, 643, n.7 (7th Cir. 2006). Kuhn has utterly failed to respond to any the arguments Goodlow as directed against the state law claims of false arrest and false imprisonment. In view of his failure to contest or otherwise respond to Goodlow's arguments, Counts II and III should be dismissed. Likewise, Kuhn has failed to contest arguments Goodlow raised in connection with his motion to strike the request for punitive damages set forth under the state law counts. Accordingly, Goodlow's motion to strike the request for punitive damages should be granted.

**III.　CONCLUSION**

For the reasons stated above, plaintiff's complaint should be dismissed pursuant to F.R.C.P. 12(b)(6).

　　　　　　　　　　　　　　　　　　　　　　　LITCHFIELD CAVO, LLP.

Patrick J. Ruberry, Esq. (06188844)  
LITCHFIELD CAVO, LLP　　　　　　　By:　/s/ Patrick J. Ruberry  
303 West Madison Street , Suite 300　　　　　Attorneys for the defendant,  
Chicago, IL 60606-3300　　　　　　　　　　Thaddeus Goodlow  
(312) 781-6677  
(312) 781-6630 fax

3

## CERTIFICATE OF SERVICE

      I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served Defendant Goodlow's Reply in Support of His Motion to Dismiss by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 4th day of August, 2008.

|  |  |
|---|---|
| | /s/ Patrick J. Ruberry |
| Patrick J. Ruberry, Esq. (06188844) | Attorneys for the defendant, |
| LITCHFIELD CAVO, LLP | Thaddeus Goodlow |
| 303 West Madison Street , Suite 300 | |
| Chicago, IL 60606-3300 | |
| (312) 781-6677 | |
| (312) 781-6630 fax | |