## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1661 | **DATE** | August 28, 2008 |
| **CASE TITLE** | HANS C. KUHN v. THADDEUS GOODLOW (Building Commissioner, City of Markham, in his individual capacity only), and OFFICER K. MULDROW #525 (City of Markham Police Officer, in his individual capacity only) | | |

**DOCKET ENTRY TEXT:**

Defendant Thaddeus Goodlow's Motion to Dismiss [Docket #12] is granted.

### STATEMENT

In this civil rights complaint, Hans C. Kuhn sued a Markham police officer and a Markham building commissioner. The claims are for fake arrest and false imprisonment under state and federal law. According to the complaint, Plaintiff is a real estate developer. On October 22, he was arrested for not having a certificate of occupancy for a house he was renting. He says excessive force was used.

Plaintiff was renovating a house for which Thaddeus Goodlow (the building commissioner) had issued a report on October 22, 2007 saying "house o.k. for occupancy, except it has no back door or deck." On that October 22nd, a soon-to-be tenant was moving his furniture in when the commissioner and the police officer approached Plaintiff and arrested him for residing at the house (which was incorrect) without a certificate of occupancy. Goodlow and the officer told Plaintiff the Code required two exit doors, which was incorrect. What is charged to the police officer is elided here, because it is Goodlow who moves to dismiss. Goodlow's conduct, in addition to that already stated, is that he told the prospective tenant that he would be arrested if he continued to move into the house.

All of the acts constituting arrest were performed by the police officer, and there is no allegation that Goodlow commanded an arrest be made or even had the authority to command it. It may be that Goodlow's information was the basis for the officer's conclusion that there was probably cause for arrest, but the decision to arrest and the manner of making an arrest are acts of the officer, not the commissioner. The police report that Plaintiff attached to the complaint demonstrates why there is no claim stated against Goodlow. It states that when Plaintiff was told he was in violation "he became irate and began yelling and refused to obey any of R/O's [reporting officer] verbal commands R/O then placed the subject into custody and called for transport . . . to . . . lockup where the subject still refused to comply with any of R/O's direct orders."(sic)

Goodlow's motion to dismiss all four counts against him[1] is GRANTED.

---

[1] The fourth count is, in any event, not an independent cause of action, it is a request for one of the remedies provided under federal law if Plaintiff prevails under his civil rights claim.