UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------------X
HANS C. KUHN,

                                  Plaintiff,

   v.

THADDEUS GOODLOW (Building Commissioner,
City of Markham, in his individual capacity only), and
OFFICER K MULDROW #525 (City of Markham Police
Officer, in his individual capacity only)

                                  Defendants.
------------------------------------------------------------------X

**Case No.: 08 CV 1661**

**Judge: James B. Zagel**
**Magistrate Judge: Maria Valdez**

# AMENDED COMPLAINT

1. Plaintiff, through his attorney Maurice J. Salem, comes to this Court in good faith and alleges as follows:

## NATURE OF THE ACTION

2. The plaintiff is a real estate developer who builds and renovates houses in the Cook County area. On October 22, 2007, plaintiff was arrested for violating a City of Markham Code concerning the construction of a house that plaintiff owned and was intending to rent to a Tenant. In fact, plaintiff had not violated the Code and his arrest was a result of plaintiff refusing to pay or do free construction work for defendant Goodlow, in exchange for receiving a certificate of occupancy.

3. Plaintiff was handcuffed very tightly, excess pressure was placed on the handcuffs, plaintiff received bruises and injuries on his wrist from the handcuffs, he was manhandled, and placed against defendant Goodlow's vehicle for twenty minutes.

Plaintiff and humiliated before his tenant's family, his workers, the public and later his family while he was in jail on that day: October 22, 2007.

4. Plaintiff brings this action under 42 U.S.C. § 1983 seeking relief from a violation of his right, under the Fourth Amendments of the United States Constitution, against unreasonable search and seizure.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 1655, 2202, 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution. Plaintiffs bring this action under 42 U.S.C. § 1983. Supplemental Jurisdiction for the state law claims exists under 28 U.S.C. § 1367(a). Venue is based on plaintiff's domicile: Illinois.

## THE PARTIES

6. Plaintiff, Hans C. Kuhn, is a real estate developer who builds and renovates houses and apartments in the Cook County area.

7. Defendant Thaddeus Goodlow is the Building Commissioner and an Inspector for the City of Markham in Illinois. Defendant K Muldrow #525 is a City of Markham Police Officer.

## STATEMENT OF FACTS

8. Plaintiff is a real estate developer who builds and renovates houses and apartments in the Cook County area.

9.  Defendant Goodlow is in charge of the Buildings Department in the City of Markham and he is a City Inspector in charge of Code enforcement.

10. On October 22, 2007, in the morning, defendant Goodlow issued an inspection report, **Exhibit A**, which stated "house O.K. for occupancy, except it has no back door or deck." This inspection report was for a house that plaintiff was renovating at: 15408 Cyprus, Markham, Illinois.

11. Upon information and belief, defendant Goodlow expected plaintiff to give him money or remodel his daughter's bathroom in exchange for defendant Goodlow's approval of the construction work.

12. Plaintiff believes this to be true based on his 20 years of experience in construction and his experience with the unspoken and indirect ways Inspectors shakedown real estate developers. (Nonetheless, this fact need not be proven at trial to show that defendants did not have probable cause to arrest plaintiff.)

13. Plaintiff decided not to give defendant Goodlow any money or remodel his daughter's bathroom.

14. Later that morning, on October 22, 2007, plaintiff was at the house where he communicated to defendant Goodlow, through indirect language, that he was not going to give him any money, nor remodel his daughter's bathroom, and that plaintiff's tenant was moving in on that day.

15. Defendant Goodlow was angered to learn this information; he immediately went to his friend and ally in the City of Markham's police department, police officer Muldrow.

3

16. Defendant Muldrow was never involved in any capacity with plaintiff's construction work and he had no knowledge of it prior to defendant Goodlow coming to him regarding this matter on the morning of October 22, 2007.

17. Defendant Goodlow informed defendant Muldrow that plaintiff violated a City Code concerning construction. Defendant Goodlow told defendant Muldrow that he wanted him to arrest plaintiff. Defendant Goodlow directed defendant Muldrow to come with him, in Goodlow's vehicle, to arrest plaintiff.

18. Defendant Goodlow is authorized to make arrests by the City of Markham, just as defendant Muldrow is authorized to make arrests.

19. On October 22, 2007, in the afternoon, Mr. Lee Anderson, who was going to be the tenant at the subject house, started the process of moving his furniture into the house.

20. As plaintiff was returning from the Buildings Department to the house, defendants Goodlow and Muldrow were already at the house.

21. The defendants approached plaintiff while he was on the sidewalk, in front of the house. Defendant Goodlow stated to plaintiff that the subject house had only one exit door and the Code requires two. Defendant Goodlow stated that the Code requires one door per floor for emergency exit "in case of a fire."

22. However, this is not what the Code requires. The Code requires one door per dwelling. The subject house is one dwelling unit, with only one tenant. Thus, only one door was required. See **Exhibit C**.

23. Nonetheless, the house does and did have two doors, one in the front and one in the back. It is a split-level house. The door that defendants questioned was a third door;

4

an additional sliding door that leads to a deck.  This door was railed off, but it was not required pursuant to the Code.  See **Exhibit C**.

24.     **Exhibit C** is the Code that the City of Markham uses, which was also confirmed by defendant Goodlow that it is the Code that is used by the City of Markham.  The second page of **Exhibit C** shows Section R311, EXITS, which states "Not less than one exit door conforming to this chapter shall be provided from each dwelling unit."

25.     Notwithstanding the fact that plaintiff was not residing at said house, and that the house did in fact conform to the Code, per **Exhibit C**, plaintiff was arrested by defendant Muldrow at the direction of defendant Goodlow.   Plaintiff was arrested plaintiff for residing at said house without a certificate of occupancy.  **Exhibit B** is a City of Markham Citation, which states "NO OCCUPANCY."

26.     Defendant Muldrow depended completely on defendant Goodlow's knowledge of the Code and knowledge of the actual construction work that plaintiff did, to arrest plaintiff.

27.     Defendant Muldrow arrested plaintiff only after defendant Goodlow told him to do so.

28.     Defendant Muldrow placed plaintiff in handcuffs that were very tightly placed on plaintiff's hands.

29.     The tenant, Mr. Lee Anderson and his family, saw plaintiff being placed in handcuffs and placed against defendant Goodlow vehicle for twenty minutes.

30.     Plaintiff tossed his truck keys and cell phone to his employee and asked him to call his wife and ask her to call his attorney.  This caused defendant Muldrow to be

frustrated and caused him to apply pressure on the handcuffs while he was placing plaintiff against defendant Goodlow's vehicle.

31.  Defendant Muldrow order the employee to give him the keys and cell phone.

32.  Plaintiff was taken to jail and placed in jail on that day.

33.  Defendant Goodlow told Mr. Anderson that if he continues to move his furniture into the house, he will also be arrested. Mr. Anderson asked defendant Goodlow if he can move the few remaining items because the truck was rented for only that day. Defendant Goodlow refused and said to Mr. Anderson that if you move into the house, you will also be arrested.

34.  Thereafter, Mr. Anderson left his remaining furniture on the truck and he kept the truck for one extra day; Mr. Anderson and his family had to sleep in a motel for that day.

35.  The following day the house received approval for a certificate of occupancy and a certificate was issued on October 24, 2007.  **Exhibit D**.

36.  At a later time defendant Muldrow falsified the police report by stating that on October 22, 2007, plaintiff was arrested for Disorderly Conduct and defendant Muldrow indicated the date and time the police report was completed: "10/22/2007."  In fact, plaintiff was arrested for violating the above mentioned Code.

37.  Plaintiff requested the police report, on 10/22/08, 10/24/08, 10/29/08, but it was never given to him; plaintiff was told that the police report was not complete yet.

38.  There was no probable cause that plaintiff violated the Code, for which plaintiff was arrest, and there was no probable cause for Disorderly Conduct as well.

39.  The arrest was a result of plaintiff refusing to give defendant Goodlow money to approve his construction work.

**DAMAGES**

40. As a result of defendants' conduct herein, the plaintiff was injured by being placed in jail on October 22, 2007.

41. Plaintiff suffered extreme pain from the pressure that defendant Muldrow applied to the handcuffs and the skin on plaintiff's wrist became severely bruised.

42. Plaintiff was humiliated and embarrassed in being arrested, jailed and handcuffed before his family, employees, his tenants and the public.

43. Plaintiff's reputation has been injured, not only as perceived by the above mentioned people, but also he was never previously arrested and jailed and now plaintiff must state that he was.

44. This incident has damaged plaintiff's integrity and jeopardized his other business in the medical field dealing in specialty pharmacy. Plaintiff is the sole owner of this business, which deals with Medicaid, Medicare and is licensed in many states as a national company.

45. Plaintiff continues to suffer physical and emotional pain.

**COUNT ONE**
**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**

46. Plaintiff repeat paragraphs 1 through 45, as though stated herein.

47. The defendants are government officials in this action who were at all-time herein acting under the color of state law.

48.     Defendants deprived plaintiff of his Fourth Amendment right against unreasonable search and seizure because they did not have probable cause to bring any criminal charges against plaintiff.

49.     There was no probable cause for the crime of residing in a house without a certificate of occupancy. First, plaintiff was not residing at the subject house, and second, the house did comply with all the requirements for a certificate of occupancy.

50.     As stated above, plaintiff was not residing at the subject house; Mr. Lee Anderson was intending to reside at the house and he was in the process of moving his furniture into the house when this incident occurred; plaintiff resided in Homer Glen, Illinois.

51.     **Exhibit A** stated "house O.K. for occupancy, except it has no back door or deck," and defendant Goodlow claim that the house only had one exit door while Code requires two, is false because **Exhibit C** shows the Code that the City of Markham uses, and it confirms in Section R311, EXITS, that "Not less than one exit door conforming to this chapter shall be provide from each dwelling unit."

52.     Nonetheless, there was a second door in the back, but the deck was not completed and the door was railed off securely until the deck is finished. This did not violate the Code.

53.     There was no probable cause for the crime of Disorderly Conduct. This was neither the reason nor the crime for which plaintiff was arrested. This crime was fabricated by the defendants after plaintiff was arrested.

54.     Thus, there was no probable cause that any crime was committed by plaintiff on October 22, 2007. Defendants deprived plaintiff of his Fourth Amendment right against unreasonable search and seizure.

55. **WHEREFORE,** Plaintiffs respectfully request the following relief:

   1. compensatory damages in the amount of $1.5 million dollars for the damages as set forth in the damages section above;

   2. punitive damages in an amount this Court believes will deter these defendants as well as other similarly situated from repeating such conduct;

   3. attorney's fee pursuant to 42 U.S.C. § 1988;

   4. together with such other or further relief this Court deems just and proper.

## COUNT TWO
## SECOND CAUSE OF ACTION
## FALSE IMPRISONMENT

56. Plaintiff repeat paragraphs 1 through 54, as though stated herein.

57. To sustain an action for false imprisonment, plaintiff has the burden of proving: 1) restraint or arrest, against plaintiff's will, 2) caused or procured by defendants, 3) without having reasonable grounds or probable cause to believe that the offense was committed by plaintiff.

58. In this case, plaintiff was restrained and arrested by defendants on October 22, 2007; the defendants herein caused said restrain and arrest; the defendants did not have probable cause to do so as set forth in Count One above.

59. **WHEREFORE,** Plaintiffs respectfully request the following relief:

   1. compensatory damages in the amount of $1.5 million dollars for the damages as set forth in the damages section above;

   2. punitive damages in an amount this Court believes will deter these defendants as well as other similarly situated from repeating such conduct;

3.  attorney's fee pursuant to 42 U.S.C. § 1988;

4.  together with such other or further relief this Court deems just and proper.

### COUNT THREE
### THIRD CAUSE OF ACTION
### FALSE ARREST

60. Plaintiff repeat paragraphs 1 through 54, as though stated herein.

61. To sustain an action for false arrest, plaintiff has the burden of proving: 1) restraint or arrest, against plaintiff's will, 2) caused or procured by defendants, 3) without having reasonable grounds or probable cause to believe that the offense was committed by plaintiff.

62. In this case, plaintiff was restrained and arrested by defendants on October 22, 2007; the defendants herein caused said restrain and arrest; the defendants did not have probable cause to do so as set forth in Count One above.

63. **WHEREFORE,** Plaintiffs respectfully request the following relief:

1.  compensatory damages in the amount of $1.5 million dollars for the damages as set forth in the damages section above;

2.  punitive damages in an amount this Court believes will deter these defendants as well as other similarly situated from repeating such conduct;

3.  attorney's fee pursuant to 42 U.S.C. § 1988;

4.  together with such other or further relief this Court deems just and proper.

### COUNT FOUR
### FOURTH CAUSE OF ACTION
### ATTORNEY'S FEES

64. Plaintiffs repeat paragraphs 1 through 54, as though stated herein.

65. Under 42 U.S.C. § 1988, plaintiff is entitled to attorney's fees in the event defendants are liable by the preponderance of the evidence.

**WHEREFORE,** Plaintiffs respectfully request the following relief:

1. compensatory damages in the amount of $1.5 million dollars for the damages as set forth in the damages section above;

2. punitive damages in an amount this Court believes will deter these defendants as well as other similarly situated from repeating such conduct;

3. attorney's fee pursuant to 42 U.S.C. § 1988;

4. together with such other or further relief this Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Dated: Palos Heights, Illinois
September 9, 2008

Respectfully submitted,

_____
S/Maurice J. Salem,
Attorney for Plaintiff
7156 West 127th Street, B-149
Palos Heights, IL. 60463
Tel. (708) 277-4775
Fax (708) 448-4515
salemlaw@comcast.net