UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HANS C. KUHN,

    Plaintiff,

v.

THADDEUS GOODLOW (Building commissioner, City of Markham, in his individual capacity only)*,*

    Defendant.

No. 08 CV 1661
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

**I. BACKGROUND**

Plaintiff Hans Kuhn and Defendant Thaddeus Goodlow had a dispute that resulted in Plaintiff's arrest. Plaintiff later was convicted of disorderly conduct. Pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendant violated Plaintiff's Fourth Amendment rights. Plaintiff also brings false arrest and false imprisonment claims against Defendant under Illinois common law. Defendant moved for summary judgment. For the following reasons, Defendant's motion is granted.

**II. PRELIMINARY ISSUES**

Defendant moved to strike much of Plaintiff's Local Rule 56.1(b)(3)(B) statement of additional facts, many of Plaintiff's responses to Defendant's Local Rule 56.1(a)(3) statement of undisputed facts, and Plaintiff's affidavit. However, as my discussion below will show, I need not rule on Defendant's motions to strike in order to grant Defendant's motion for summary judgment.

**III. STATEMENT OF FACTS**

The following facts are not disputed, except where indicated. Plaintiff renovated a house he owned in the City of Markham, Illinois. Plaintiff arranged for Defendant, a City of Markham Building Inspector, to inspect the house for the purposes of obtaining a Certificate of Occupancy ("C.O.").

Defendant inspected the house on October 22, 2007. The parties dispute the content of their conversation after the inspection and whether the house was "up to code." Plaintiff leased the refurbished house to a tenant.

Later that day, Defendant returned to Plaintiff's property accompanied by City of Markham Police Officer K. Muldrow. Defendant observed Plaintiff's tenant moving his belongings into Plaintiff's house. Defendant claims he informed the tenant that he could not begin living in the house because the house did not have a C.O.

Shortly thereafter, Plaintiff arrived at the property. The parties disagree about what happened next. Defendant claims that Plaintiff became angry, began yelling at Defendant, and did not obey Officer Muldrow's instructions to calm down. Plaintiff contends that he conducted himself calmly. Officer Muldrow arrested Plaintiff.

Defendant claims that Officer Muldrow arrested Plaintiff for disorderly conduct, the crime of which Plaintiff later was convicted, based on Plaintiff's behavior before the arrest. Plaintiff alleges that Officer Muldrow actually arrested Plaintiff for a C.O. violation and later conspired with Defendant to change the charges to disorderly conduct.

## IV. STANDARD OF REVIEW

Rule 56 provides that summary judgment should be granted when the evidence shows "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only if a reasonable jury could decide for the nonmoving party based on the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). I consider the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

## V. DISCUSSION

Plaintiff brings three counts against Defendant. In Count I, Plaintiff claims pursuant to § 1983 that Defendant violated Plaintiff's Fourth Amendment rights. In counts II and III, Plaintiff accuses Defendant of false imprisonment and false arrest, respectively. In all three counts, Plaintiff claims that Defendant caused Plaintiff to be arrested by Officer Muldrow without probable cause. Essentially, Plaintiff argues that because he was acting calmly and peacefully before his arrest, by inference Plaintiff must not have been arrested for disorderly conduct. Accordingly, Plaintiff further infers that Defendant must have instructed Officer Muldrow to arrest Plaintiff for a C.O. violation, for which Officer Muldrow lacked probable cause because Plaintiff's house complied with the building code.

### A.  SECTION 1983 CLAIM

Defendant claims that Plaintiff's § 1983 claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), as a collateral attack on Plaintiff's disorderly conduct conviction. In *Heck*, the Court held that a plaintiff could not bring a § 1983 claim for damages that "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

Such claims must be dismissed unless the plaintiff shows that the conviction was previously otherwise invalidated. *Id.*

Here, Defendant argues that Plaintiff's allegation that Plaintiff behaved calmly before he was arrested necessarily implies that Plaintiff's conviction for disorderly conduct is invalid. Therefore, Defendant contends that Plaintiff's claim is barred by *Heck*. Plaintiff responds that he is not challenging his disorderly conduct conviction. Rather, Plaintiff claims that Officer Muldrow lacked probable cause for what Plaintiff believes was the actual basis for his arrest: occupancy of Plaintiff's building without a C.O.

Probable cause is an absolute defense to a § 1983 claim alleging false arrest. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Moreover, "probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) (emphasis in original). Therefore, if Officer Muldrow had probable cause to arrest Plaintiff for any reason, including disorderly conduct, Plaintiff's § 1983 claim fails.

Accordingly, this case can be resolved by asking whether Plaintiff may allege that he was not being disorderly. If he may, then a genuine issue of material fact could exist about whether Officer Muldrow lawfully arrested Plaintiff. If he may not, then no genuine issue of material fact exists about whether Officer Muldrow had probable cause to arrest Plaintiff for disorderly conduct, and Plaintiff's § 1983 false arrest claim lacks merit.

Generally, alleging facts that imply the invalidity of a conviction is sufficient to bar a § 1983 claim under *Heck*. *See, Okoro v. Callahan*, 324 F.3d 488, 490 (7th Cir. 2003). Plaintiff's

contention that he was conducting himself calmly implies that he was not guilty of disorderly conduct and therefore would seem to bar his false arrest claim. However, *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006), *aff'd*, *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007), introduced a wrinkle into the application of *Heck* to § 1983 false arrest claims that complicates my analysis.

*Wallace* found that false arrest claims do not necessarily imply that a conviction is invalid. *Id.* at 426 (quoting *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996)). For this reason, the *Heck* rule did not bar a plaintiff from bringing a § 1983 false arrest claim until his conviction was invalidated. *Id.* at 426. Indeed, the court found that because a false arrest claim brought under § 1983 accrued at the time of the arrest, plaintiffs wishing to preserve their claims under the statute of limitations should file them at the time of arrest. *Id.* at 427. Therefore, *Wallace* authorized and even encouraged the filing of false arrest claims before a conviction has been entered, much less overturned, irrespective of whether such claims would invalidate any conviction. *See*, *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010).

However, *Wallace* only decided *Heck's* effect on § 1983 false arrest claims in the context of when a claim accrues for the purposes of determining whether it is barred by the statute of limitations. *Id.* at 424-425. Here, the parties do not dispute whether or when Plaintiff's claim accrued for the purpose of the statute of limitations. Rather, the issue is whether Plaintiff may bring a false arrest claim alleging that his conduct was not disorderly despite his conviction for disorderly conduct.

The Supreme Court of the United States affirmed the result in *Wallace* but also suggested an approach for handling § 1983 false arrest claims that would preserve plaintiffs' ability to file

5

timely complaints without jeopardizing the validity of any subsequent criminal conviction. *See*, *Wallace v. Kato*, 549 U.S. at 393-94. The Court distinguished between applying the *Heck* rule at the time of an alleged false arrest and after a criminal conviction. *See*, *id*. *Heck* did not bar a false arrest claim brought at the time of injury that only speculatively could "impugn *an anticipated future conviction*." *Id*. at 393 (emphasis in original). Applying *Heck* in that context would require courts to guess about the results of any potential prosecution and whether the § 1983 action would imply invalidity of a possible conviction. *Id*. Therefore, the Court outlined the following approach:

> If a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed.

*Id*. at 393-94 (citations omitted).

The Court made clear that although *Heck* does not bar false arrest claims brought pursuant to § 1983 before any conviction, *Heck* did bar such claims if, after conviction, a plaintiff's false arrest claim implied his conviction was invalid. *Id*. Here, Plaintiff brought his false arrest claim after his conviction for disorderly conduct. Therefore, I must determine whether "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487.

In Illinois, "a person commits disorderly conduct when he knowingly . . . does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILL. COMP. STAT. 5/26-1(a)(1) (West 2011). Plaintiff alleges that he conducted himself

6

calmly and peacefully before his arrest. This contention is at loggerheads with the proscribed conduct of which Plaintiff was convicted, and "it is irrelevant that [Plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro*, 324 F.3d at 490.

Because *Heck* bars Plaintiff from claiming he was behaving calmly when Officer Muldrow arrested him, no genuine issue of material fact exists about whether Plaintiff was behaving in a disorderly manner prior to his arrest or whether Officer Muldrow had probable cause to arrest Plaintiff. For this reason, I grant Defendant's motion for summary judgment on Plaintiff's § 1983 claim.

## B. STATE LAW CLAIMS

Plaintiff's false imprisonment and false arrest claims brought pursuant to Illinois common law fail for a similar reason. In Illinois, false arrest is a specific form of false imprisonment, so an "unlawful arrest may support a cause of action for either false arrest or false imprisonment." *Dutton v. Roo-Mac, Inc.*, 426 N.E.2d 604, 607 (Ill. App. Ct. 1981). Here, Plaintiff alleges an unlawful arrest. To prove false arrest, Plaintiff must show that Defendant restrained Plaintiff without probable cause. *Boyd v. City of Chicago*, 880 N.E.2d 1033, 1044 (Ill. App. Ct. 2007).

Under Illinois law the doctrine of collateral estoppel "precludes a party from relitigating an issue decided in a prior proceeding." *Am. Family Mut. Ins. Co. v. Savickas,* 739 N.E.2d 445, 451 (Ill. 2000). The doctrine has three elements:

> First, the issue decided in the prior adjudication must be identical with the one presented in the suit in question. Second, there must have been a final judgment on the merits in the prior adjudication. Third, the party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication.

7

*Id.*

Moreover, the issue decided in the previous proceeding "must have been necessary to the judgment." *Id.* Courts should not apply collateral estoppel if unfairness would result to the party who would be estopped. *Id.*

In *Savickas*, the Supreme Court of Illinois adopted the doctrine of collateral estoppel. *Id.* at 449-51. The court held that an insured who had been convicted of first degree murder was estopped from claiming as a defendant in a wrongful death action that he did not intend to kill his victim. *See*, *id.* at 447. The criminal trial determined that the insured intended to cause death, and therefore the insured's conduct was excluded from his insurance policy coverage. *Id.* at 453.

Similarly, here Plaintiff's disorderly conduct conviction established that Plaintiff conducted himself in an "unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." 720 ILL. COMP. STAT. 5/26-1(a)(1). The elements of collateral estoppel are satisfied. First, the same issue presented in the first case – whether plaintiff was disorderly – is presented in this case. Second, Plaintiff's conviction was a final judgment on the matter. Third, by definition Plaintiff was a party to his criminal conviction. The nature of Plaintiff's conduct was statutorily necessary to his conviction. *See*, *id*. Finally, application of collateral estoppel would not be unfair in this case because Plaintiff had recourse to the criminal justice process.

Accordingly, under Illinois law Plaintiff is estopped from asserting that he did not engage in disorderly conduct before his arrest. Therefore, no genuine issue of material fact exists that Officer Muldrow observed Plaintiff behaving in a disorderly manner and had probable cause to arrest Plaintiff. This probable cause is sufficient to preclude false arrest relating to any other charge for which Plaintiff believes he was arrested. *See*, *Holmes*, 511 F.3d at 682. As a result, I

grant Defendant's motion for summary judgment on Plaintiff's state law false arrest and false imprisonment claims.

## VI. CONCLUSION

For the foregoing reasons, I grant Defendant's motion for summary judgment.

ENTER:

_James B. Zagel_
United States District Judge

DATE: March 2, 2011